IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| ALFREDO VALENTIN, JR., | ) |
| | ) |
| Petitioner, | ) 3: 21-cv-00020 |
| | ) |
| vs. | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| VICKY MOSER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**[1]

**I.     Introduction**

Alfredo Valentin, Jr., is a federal prisoner who is serving a 240-month term of imprisonment after pleading guilty to conspiracy to distribute a kilogram or more of heroin. *See United States v. Valentin*, Criminal Case No. 6:13-cr-06062 (W.D. New York).  He was sentenced on September 30, 2013. Assuming Mr. Valentin receives all good time available to him pursuant to 18 U.S.C. § 3624(b), his projected release date is January 31, 2030.  Since May 25, 2018, he has been serving his sentence at FCI Loretto, which is located within the territorial boundaries of this Court.

On February 12, 2021, Mr. Valentin initiated this action by submitting a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  He seeks to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2) (2020).  He states that he signed release documents on July 8, 2020, and has yet to be released despite being approved and processed by

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. *See* ECF Nos. 5 and 10.

1

the BOP to be placed on home confinement. Respondent filed a response to the Petition on May 5, 2021. (ECF No. 9).   The matter is ripe for disposition.

## II.   Factual and Procedural Background

Section 12003 of the CARES Act gives the Director of the BOP discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2).  *See* CARES Act § 12003(b)(2).  "Congress codified this section of the CARES Act, in large part, 'to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons'."  *Adams v. Trate*, Case No. 1:20-cv-237, 2020 WL 7337806 (Dec. 14, 2020) (quoting *United States v. Mathews*, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020) (citing CARES Act § 12003(a)(2)).

In assessing whether home confinement should be granted, the BOP considers the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), the inmate's home reentry plan, and the inmate's crime of conviction and assessment of the danger posed by the inmate to the community.  *See*  Resp. at 3-4 (ECF No. 9).

According to the Petition, Mr. Valentin was "pre-approved to be released to home confinement" but on May 12, 2020, the BOP denied his request.  The Petition reflects that Mr. Valentin did not appeal the BOP's initial decision, because the "Warden stated to go directly to court after waiting 30 days from requesting relief."  Pet. at 4.

2

On June 4, 2020, Mr. Valentin filed a *pro se* Motion for Compassionate Release with the sentencing court. *United States v. Valentin*, Case No. 6:13-cr-06062, ECF No. 31. The court denied Mr. Valentin's request for compassionate release on July 29, 2020. (ECF No. 40).

On December 16, 2020, Mr. Valentin tested positive for COVID-19 and was reportedly asymptomatic. *See* Resp., Ex. 2, Medical Records (ECF No. 9-5). Two months later, he initiated this case on February 12, 2021. (ECF No. 1).[2] In March 2021, he received his first and second doses of the Pfizer-BioNTech vaccine. (ECF No. 9-5).

### III. Analysis

In his Petition, Mr. Valentin does not allege any special circumstances that necessitate the release to home confinement but argues that he should be released to "home confinement for the reasoning that the BOP already agreed and processed [him] to be placed to home confinement." *Id*. at 7.[3]

Petitioners seeking habeas relief under 28 U.S.C. § 2241 must exhaust BOP administrative remedies. To do so, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). An inmate must then file a request with the Warden and then file an appeal to the BOP's Regional Director within twenty (20) days of the date of the Warden's response. 28 C.F.R. §§ 542.14 & 542.15(a). If the appeal to the Regional Director is denied, the

---

[2] Although received by the Court on February 12, 2021, the Petition reflects it was signed by Mr. Valentin on January 6, 2021.

[3] In his Motion for Compassionate Release, Mr. Valentin listed a number of pre-existing chronic medical conditions. In response to his motion, the Probation Office reported that: "On May 18, 2020, the Warden denied his request noting that Mr. Valentin has not been diagnosed with an incurable disease and he is able to perform activities of daily living. . . . Additionally, BOP Staff report that although Mr. Valentin has not applied for release to home confinement via the CARES ACT, he is not eligible due to his PATTERN score and he has only served 43% of his sentence." *United States v. Valentin*, Case No. 6:13-cr-06062, ECF No. 33 (emphasis added).

inmate must appeal that decision to the BOP's General Counsel within thirty (30) days. *Id*. The appeal to the General Counsel is the final level of administrative review. *Id.*

Here, Mr. Valentin admits that he did not fully exhaust his administrative remedies. He implies that his administrative remedies were rendered unavailable because the Warden told him to go directly to court after waiting thirty days. The Supreme Court of the United States has considered what renders administrative remedies unavailable to an inmate such that a failure to exhaust may be excused. *See Ross v. Blake*, 136 S. Ct. 1850 (2016). The Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *See id.* at 1859. First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Second, a procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." *Id.* at 1860.

The Court of Appeals for the Third Circuit recently reiterated that "strict compliance with . . . exhaustion requirement[s] take on added – and critical – importance" during the COVID-19 pandemic "[g]iven the BOP's shared desire for a safe and healthy prison environment." *United States v. Raia*, 985 F.3d 594, 597 (3d Cir. 2020). Based on this principle, courts within the Third Circuit have routinely dismissed unexhausted requests for home confinement due to the pandemic. Given Mr. Valentin's representation, the Court declines to dismiss his § 2241petition for failure to exhaust administrative remedies and will address the merits of his petition.

Even if Mr. Valentin had exhausted his request for home confinement, the Petition must be dismissed. This Court lacks the authority to place Mr. Valentin on home confinement or interfere with BOP's discretion over inmate designation.

While sympathetic to Mr. Valentin's concerns, the Court must dismiss this Petition as the Court concludes that the CARES Act does not change the BOP's exclusive authority to determine an inmate's place of confinement. As such, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. § 3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). Numerous courts within this Circuit have reached the same conclusion. See *Bard v. Moser*, Case No. 3:20-cv-75, 2020 WL 7353385 (W.D. Pa. Dec. 15, 2020) (dismissing petition for lack of jurisdiction); *Adams,* 2020 WL 7337806 at *3 (same); *United States v. Robinson*, Case No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n. 2 (M.D. Pa. Sept. 28, 2020) (noting the Court does not have authority to grant a request for home confinement release due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"); *United States v. Pettiway*, Case No. 08-cr-0129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) (holding that "[r]egardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act.").

BOP officials have determined that Mr. Valentin should not be transferred to home confinement at this time. Because that decision is one that is committed exclusively to the BOP, and is not subject to review or override by this Court, Mr. Valentin's Petition must be dismissed for lack of jurisdiction.

5

## IV. Conclusion

For these reasons, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction. The Clerk will be directed to mark this case closed.

Dated:   May 20, 2021

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:   **ALFREDO VALENTIN, JR.**
22200-055
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CRESSON, PA 16630
(via U.S. First Class Mail)

Adam Fischer
U.S. Attorney's Office, Western District of PA
(via ECF electronic notification)